### In re HYDRATECH UTILITIES, INC., Debtor.

### No. 9:07–bk–08397–ALP.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

May 8, 2008.

Alberto F. Gomez, Jr., Morse & Gomez, PA, Tampa, FL, for Debtors.

### ORDER ON T. KEATHLEY'S MOTION FOR SANCTIONS

(Doc. No. 53)

ALEXANDER L. PASKAY, Bankruptcy Judge.

On September 13, 2007, Hydratech Utilities, Inc. (the Debtor) filed its voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code (Code). The Debtor has no employees and has done no business since 2001 and its only asset is the sum $525,142.21 in a money market account and an alleged claim pending in the Martin County Court against Terry Keathley (T. Keathley).

The Schedules filed by the Debtor listed no unscheduled debts and no unscheduled priority debts. The Debtor's Schedule F listed the following individuals as creditors holding unsecured non-priority claims: Estate of Gerald Bobo; Gerald and Susan Bobo; Hill, Barth & King; Johnson & Johnson, PA, Keathley/Hydratech Irrevocable Trust. On January 3, 2008, T. Keathley filed a Motion to Dismiss the Chapter 7 case filed by the Debtor charging that the case was filed in bad faith (Doc. No. 32). The Motion was scheduled and heard in due course and on February 12, 2008, this Court entered its Order Granting Motion to Dismiss Case as Bad Faith Filing (Doc. No. 45)

In its Order on the Motion to Dismiss, this Court after describing the current phase of litigation between the members of the Keathley Family going back to the year 2001 as a battle reminiscing that of the Hatfields and McCoys, concluded after analyzing the acts of the Debtor and applying the applicable legal principles found as follows.

This Court concluded that good faith is a jurisdictional prerequisite for filing for relief under Chapter 7. This Court is not unmindful of the various courts which concluded that good faith is not a prerequisite for filing a Chapter 7 case. In the case of *In re J. Riney,* 259 B.R. 217 (M.D.Fla. 2001), the court held that absent egregious conduct, the debtor is entitled to maintain a Chapter 7 case without showing that the debt is non-dischargeable or the debtor would not qualify for discharge. *Id.* at 222. Notwithstanding the above, the *Riney* court held that in determining whether the chapter 7 case should be dismissed for "cause" requires an analysis of whether

the debtor's motive and purposes are consistent with the purpose of Chapter 7, which is to provide an honest debtor with a fresh start in exchange for the debtor's handing over to a trustee the debtor's nonexempt assets for liquidation for the benefit of the creditors. *Id.* at 223. This is precisely the legal conclusion arrived in this case. This Court emphasized that the purpose of Chapter 7 was to liquidate the debtor's assets, assure a fair and equitable distribution of the proceeds realized from the liquidation to creditors and give the debtor a fresh start in life free and unencumbered from the final pressures of the past through the discharge procedure.

It should be noted that the case of *Riney* involved an individual Chapter 7 debtor and its holding is not appropriate and applicable to the present case before this Court, which is a corporate case. The current case before this Court is found to be more akin to the case of *In re American Telecom Corp.*, 304 B.R. 867 (Bankr. N.D.Ill.2004), aff'd, *American Telecom Corp. v. Siemens Information and Communications Network Inc.*, 2005 WL 5705113 (N.D.Ill.2005).

Based on the foregoing, this Court held that the Motion to Dismiss Case as Bad Faith Filing, filed by T. Keathley should be granted based on the bad faith filing of this Chapter 7 case by Hydratech. This Court dismissed the Chapter 7 case of Hydratech with prejudice and remanded the adversary proceeding, Case No. 9:09–ap–00460–ALP, to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida.

The present matter before this Court involves T. Keathley's Motion for Sanctions filed pursuant to Section 105 of the Bankruptcy Code and F.R.B.P 9011. In his Motion, T. Keathley relies on F.R.B.P 9011(b)(1) which provides that a petition, pleading, a written motion or other paper filed with the Court contains an implicit specification that:

> "(1) it is not being presented for any purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;"

Furthermore, T. Keathley relies on 9011(c)(1) which ordinarily requires the movant seeking sanctions to provide the opposing party 21 days' notice for the service of the motion. However, the Rule specifically indicates that the provision shall not apply in situations where the filing of the Petition violates the Rule. For instance, "if the conduct alleged is the filing of the petition in violation of sub clause (b)." In further support of his Motion, T. Keathley sets forth operative facts, which according to him, governs the Motion for Sanctions. In addition to the facts which have occurred in this Court, T. Keathley also included events which occurred in the Martin County suit coupled with the remanded case in the Charlotte County dispute, adversary proceeding Case No. 9:09–ap–00460–ALP.

After reciting the applicable law which governs the imposition of sanctions, T. Keathley contends that the appropriate sanctions are to punish the wrongdoer and to deter them from further conduct and, based on the same, he has requested the imposition of sanctions in the total amount of $158,994.96. The summary of fees and expenses includes the amount of $57,791.25 for the law firm of Rubin & Rubin, $52,871.71 for the law firm of Rice, Pugatch, Robinson & Schiller, P.A. and $48,332.00 for the Rydberg Law Firm, P.A.

■ Having considered the record, this Court notes that no formal Response was filed by the Debtor or counsel for the Debtor. At the hearing on the Motion, counsel for the Debtor merely urged that

this Court has no jurisdiction to consider the sanctions because the Order which granted the Motion to Dismiss failed to state a reservation of jurisdiction to consider sanctions. It is well established that the motion for imposition of sanctions based on F.R.B.P. 9011 is a separate proceeding independent from the main case. Thus, it does not require the reservation of jurisdiction to seek sanctions in the event the general case is dismissed. Although, this Court notes that it is not improper for a court to reserve jurisdiction within an order to consider the imposition of sanctions. Be that as it may, this Court is satisfied that the claim is not waived and, therefore, it is proper for this Court to consider the current Motion for Sanctions.

The record reveals that the Notice of Removal of the Charlotte County litigation (Doc. No. 15) was filed by Mr. Richard Hollander (Mr. Hollander). However, on November 9, 2007, Mr. Steve Berman (Mr. Berman) filed a Notice of Appearance (Doc. No. 23) on behalf of the parties who were involved in the Charlotte County, Florida, litigation. It further appears that on November 13, 2007, there is a Notice of Substitution of Counsel (Doc. No. 25) replacing Mr. Hollander as counsel of record with Mr. Berman. Even though the Motion for Imposition of Sanctions is directed to the Debtor and Debtor's counsel, and none of the parties involved in the Charlotte County litigation represented by Mr. Berman, this Court permitted and considered the argument of Mr. Berman in disposition of the current Motion for Sanctions.

Before determining the proper amount of sanctions to be awarded, it should be emphasized and pointed out what is and what is not involved before this Court. What is involved in this particular matter is the award of sanctions for filing the bankruptcy Petition on behalf of the Debtor in this Court and all prepetition allowable legal expenses connected with performance of counsel in successfully prevailing and obtaining a dismissal of the case based on bad faith filing. What is not involved before this Court is any litigation in the Martin County Circuit Court.

█ Considering the amount of sanctions sought by the Movant, this Court is satisfied that none of the legal services performed by Rubin & Rubin or Rice, Pugatch, Robinson & Schiller, P.A. are relevant nor related to the basis for this Court's decision with respect to the bad faith filing of the Chapter 7 case of the Debtor. Thus, none of their fees and expenses shall be awarded in this matter. Further, none of the services rendered by the Rydberg Law Firm with respect to the other two above-named law firms is relevant to the amount of fees allowed to be imposed as sanctions regarding the Chapter 7 case of the Debtor.

This Court has carefully perused the itemization of the services rendered in connection with this case by Ms. Rydberg and, giving a liberal construction to the charges, is satisfied that the award should not be more than $36,363.00.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the T. Keathley's Motion for Sanctions (Doc. No.53) be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the amount of sanctions to be awarded to the Rydberg Law Firm, P.A., shall be in the amount of $36,363.00, and said amount shall be paid within thirty (30) days from the entry of this Order.